## FLORO et v WADSWORTH

Ohio Appeals, 6th Dist, Ottawa Co

Decided May 27, 1929

Graves & Duff, Port Clinton, for plaintiffs.

True, Crawford & True, Port Clinton, for defendant.

LLOYD, J.

The second amended petition of plaintiffs alleges the platting of Willow Beach by the defendant, N. F. Wadsworth; that each of the plaintiffs owned one or more lots in Willow Beach by deed of conveyance from Wadsworth, which grants to them also the right to use and enjoy as a park and for bathing purposes said part marked "Reserved," lying northerly of Lake Shore Drive; that said lots were purchased by plaintiffs from Wadsworth, and from his agent, under verbal representations that the "platting and portion thereon 'Reserved' were to be kept open for the owners of lots shown on said plat." Plaintiffs further allege that the defendant has erected a building on the premises west of lot No. 25, marked "Reserved," and has sold a portion of said reserved premises. The plaintiffs seek to enjoin the selling of or building upon any of the premises so designated as "Reserved," and ask that the defendant may be ordered to remove any building erected thereon. It was sought at the trial to show by the testimony of one of the plaintiffs that at the time of the purchase by him of lot No. 25 in Willow Beach the agent of Wadsworth, through whom the witness purchased his lot, made the representations charged in the second amended petition. After the commencement of the action, and before the trial, the defendant, Wadsworth, as well as the alleged agent, died; the testimony of neither having been theretofore taken. After the death of Wadsworth, this action was revived in the name of Emma E. Wadsworth, widow and sole devisee of N. F. Wadsworth. This court is of the opinion that under §11495, GC, this witness was not competent to testify as to the alleged conversation with the defendant, Wadsworth, and his alleged agent, Vogel.

The court is satisfied that the plats, as recorded, and the deeds with the recitals therein, to which we have called attention, clearly evidence a general plan and design so understood and intended by the owner, Wadsworth, and by purchasers of lots in Willow Beach, that the platted portion along the shore of the lake and extending back to the lots fronting thereon was reserved as a park and beach for the common use and enjoyment of all of them, and that the use and enjoyment thereof was not to be decreased or interfered with by buildings erected thereon, or by other obstructions, either by the original owner, Wadsworth, or by those subsequently acquiring lots in Willow Beach, and that the recordation of the plats and the deeds was notice to any prospective purchaser of any part thereof of the purposes and intention of the platting and dedication by Wadsworth of Willow Beach.

The court will not order the removal of the dwelling house located on the premises west of lot No. 25 for the reason that the evidence discloses that there was a building on the premises in question at the time plaintiffs acquired their respective lots, which about two years prior to the trial of this action in the Court of Common Pleas was converted by Wadsworth into a dwelling house, and that plaintiffs, having knowledge thereof, permitted it without objection to be so remodeled. It is our conclusion that this cottage or dwelling house may be used, so long as available therefor, as a dwelling house, and not otherwise; but may not be enlarged, nor replaced by any other building.

Decree accordingly.

RICHARDS, J, concurs.
WILLIAMS, J, concurs in judgment.